IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JOHN EARNEST COLLIER, JR., #1545387 | § | |
| VS. | § | CIVIL ACTION NO. 9:10cv121 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration, the Petitioner's motion to "Compel the Court to Comply with My Previo[u]s Request to Abate Said Case Until This Unresolved Issue is Resolved in Full" (docket entry #13. Petitioner refers to the Order of January 4, 2011, entered by the Magistrate Judge to whom this case is referred pursuant to 28 U.S.C. § 636(b). In that Order, the Magistrate Judge denied Petitioner's motion to "hold my active civil action," construed as a motion to stay proceedings. The Court construes Petitioner's instant "motion to compel" as an objection pursuant to Fed. R. Civ. P. 72(a) seeking a *de novo* review of the Magistrate Judge's ruling on this nondispositive matter by the District Judge assigned to the case. Petitioner's motion is timely.

Federal law affords a magistrate judge broad discretion in the resolution of non-dispositive pretrial matters. *See* Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). "This Court may modify or set aside a magistrate judge's order only if it is clearly erroneous or contrary to law." *See Atel Maritime Investors, LP v. Sea Mar Management, LLC*, 2010 WL 2654440, at *1 (E.D. La. June 25, 2010) (citing Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir.1995)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 946 (1948).

Petitioner contends that an unidentified person has filed a "motion to withdraw and dismiss

[his] petition for discretionary review also an affidavit statement" in his Polk County District Court trial records. He asserted in his original motion to stay that "this may be grounds to have my original [petition for discretionary review] look[ed] at again." The Magistrate Judge denied Petitioner's motion because:

> Petitioner has not explained how the unauthorized motion he alleges has appeared in his trial records affects his federal habeas petition. The Director's response may shed further light on the matter. Therefore, it would not be useful to stay the case at this juncture, even disregarding that Petitioner has not fully explained his reasoning for his request.

Order of January 4, 2011 (docket entry #11) at 1-2. Now, Petitioner contends that the allegedly fraudulent motion to withdraw and dismiss his petition for discretionary review is "being used against [him]" in this habeas action "as an 'unexhausted' state remedy." Motion at 1. In fact, in his answer, the Director does cite the motion to withdraw the petition for discretionary review. Answer (docket entry #11) at 4. On that basis, the Director contends that certain of Petitioner's grounds for relief, including ineffective assistance of counsel and sufficiency of the evidence claims, are unexhausted and should be dismissed.

However, Petitioner has not submitted a shred of evidence to support his contention that someone other than himself moved to withdraw his petition for discretionary review in the Texas courts. Neither has he submitted to this Court even a copy of the motion he alleges was fraudulently filed for examination. He has not described any part of the investigatory process he has undertaken, or intends to undertake, except to assert in his original motion to stay that he is awaiting the results of an otherwise-undefined "handwriting analysis" in order to have the allegedly fraudulent motion stricken from his state court records. He has not explained why he thinks any such investigation will be effective in demonstrating why he should be entitled to relief, or even the basis for his contention that he could have the "fraudulent" motion stricken. Despite the alleged "handwriting analysis," which he also has not described, he has not identified who allegedly signed the motion or any reason why it would have been filed on his behalf without his permission. He simply contends that the "fraudulent" motion was filed in January 2010 in the Texas state court a year ago, and he has only become aware of it recently. As a whole, his contention is not credible.

2

Having thus conducted a *de novo* review of the Magistrate Judge's decision in the original motion and on this state of facts, this Court is not "left with the definite and firm conviction that a mistake has been committed." *U.S. Gypsum Co.*, 333 U.S. at 395.  It is accordingly

**ORDERED** that Petitioner's Motion to Compel (docket entry #13), is hereby **DENIED**.

So **ORDERED** and **SIGNED** this **3** day of **February, 2011.**

_____
Ron Clark, United States District Judge